IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>            Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, TAGGART BOYD, TED HILL, MIKI HOLLISTER, KRISTINA MILBURN, NATE SHWAB, DR. MARK LUKIN, DR. MEGAN FORD, BETTY GERGEN, JACQUE GOODING, AMY REZNEY, and ROBIN CHURCH,<br><br>            Defendants. | 8:18CV410<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed a Complaint on August 27, 2018. (Filing No. 1.)[1] He has been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS") and confined at the Tecumseh State Correctional Institution ("TSCI"). Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 against Scott Frakes, Director of the NDCS; Taggart Boyd, the Warden of the Lincoln Correctional Center ("LCC"); and 10 employees of the LCC for alleged violations of his constitutional rights under the First, Eighth, and Fourteenth

---

[1] The Complaint was signed by Plaintiff and another prisoner, Guy Collins. (Filing No. 1 at CM/ECF p. 13.) Collins was dismissed as a plaintiff in this action after he failed to advise the court in writing whether he wished to "opt out" or continue with the group litigation. (Filing No. 13.)

Amendments. Liberally construed, Plaintiff also alleges a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. (Filing No. 1 at CM/ECF pp. 3, 11.)

Plaintiff alleges he has been diagnosed with a serious mental illness and was housed in the Mental Health Unit ("MHU") at the LCC prior to being confined at the TSCI. (*Id*. at CM/ECF p. 1.) Plaintiff alleges that the Defendants deprive inmates in the MHU of activities and privileges without affording an inmate a hearing or any of the procedures required by Title 68 of the Nebraska Administrative Code, which sets forth the rules for regulating an inmate's behavior, and additional deprivations of privileges are imposed upon admission into the MHU "Levels Program" "for reasons not directly having to do with the treatment of a particular mental illness." (*Id*. at CM/ECF pp. 2, 7.) Inmates must sign a consent form and a contract agreeing to the terms of the MHU program prior to entering the MHU and are informed that inmates "can be placed on a therap[e]utic restriction." (*Id*. at CM/ECF p. 7.) The Levels Program is administered by the MHU Multi-Disciplinary Team which is made up of the 10 LCC employees Plaintiff named as Defendants.

On June 1, 2018, Plaintiff alleges he was placed on "level D, which is a restriction that is similar to the sanction 'room restriction' set forth in Title 68," for 17 days without being afforded a hearing based on reports that he had engaged in passing and receiving canteen times with other inmates. (*Id*. at CM/ECF pp. 8–9.) As a result of being placed on level D, Plaintiff lost his job as the lead porter on the MHU. (*Id*. at CM/ECF p. 9.) The other inmate with whom Plaintiff allegedly exchanged canteen items did not receive any type of restriction for his alleged misconduct. (*Id*.)

Plaintiff alleges the MHU Multi-Disciplinary Team's enforcement of the Levels Program violated the First, Eighth, and Fourteenth Amendments, and that "[a]ll Defendants, by agreeing to the enforcement of the levels program, . . . did conspire, for the purpose of depriving . . . Plaintiffs and others similarly situated of

the equal protection of the laws, or of equal privileges or immunities under the laws." (*Id*. at CM/ECF pp. 11–12.) For relief, Plaintiff seeks a declaration that the Levels Program is unconstitutional, injunctive relief enjoining the continuation of the MHU Levels Program, and monetary damages. (*Id*. at CM/ECF p. 12.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Sovereign Immunity**

Plaintiff has sued Frakes, Boyd, and the 10 LCC employees for monetary damages and declaratory and injunctive relief. Because Plaintiff did not specify the capacity in which these various NDCS officials and employees are sued, the court presumes that they are sued in their official capacities only. *See, e.g.*, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Sovereign immunity prevents the court from exercising jurisdiction over claims for damages against Defendants in their official capacities.

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535.

4

An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply to cases involving requests for purely retroactive relief. *Green v. Mansour*, 474 U.S. 64 (1985).

Plaintiff's claims against Defendants in their official capacities are claims against the State of Nebraska. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Therefore, this court lacks jurisdiction over Plaintiff's damages claims against Defendants in their official capacities.

**B. Claims for Declaratory and Injunctive Relief**

Sovereign immunity does not bar Plaintiff's claims for declaratory and prospective injunctive relief. However, the fact that Plaintiff is no longer incarcerated at the LCC or subject to the MHU Levels Program moots his claims for declaratory and injunctive relief.

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." A case becomes "moot," thus ending jurisdiction, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotation marks omitted). Injunctive relief "'is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, (1983)). Likewise, to warrant declaratory relief, "the injury still must be clearly impending." *Vorbeck v. Schnicker*, 660 F.2d 1260, 1265 (8th Cir. 1981).

Here, Plaintiff is confined at the TSCI and is no longer subject to the LCC MHU Levels Program. Thus, his claims for injunctive relief are moot, and he lacks standing to seek a declaration as to the constitutionality of the Levels Program. *Martin*, 780 F.2d at 1337 (concluding that claim for injunctive relief against warden was moot and prisoner lacked standing to seek declaratory relief because prisoner was transferred to another prison).

**C. ADA Claim**

In his Complaint, Plaintiff cites to 42 U.S.C. § 12101 of the ADA as one of the bases for his claims. Plaintiff's purported claim under the ADA appears to be that he is an individual with a disability (a serious mental illness) who is excluded from certain activities or privileges allowed for general population inmates because Defendants impose more restrictive terms on inmates in the MHU. Besides the obvious failure to plausibly allege the elements of an ADA claim,[2] the bar of sovereign immunity applies equally to Plaintiff's claims for damages under the ADA. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir.1999) (en banc) (holding that Title II of the ADA, governing discrimination by public entities, did not validly abrogate States' Eleventh Amendment immunity from suit by private individuals in federal court). While prospective injunctive relief against state officials in their official capacities is permitted under the ADA, *Randolph v. Rodgers*, 253 F.3d 342, 348 (8th Cir. 2001) (permitting ADA claims for prospective injunctive relief against state official sued in official capacity), such claims suffer from the same mootness defect discussed above.

---

[2] "To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). A person is disabled under the ADA if he has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Here, Plaintiff alleges absolutely no facts to support a finding of disability.

# IV. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief against the Defendants in their official capacities because sovereign immunity bars his claims for damages, his claims for injunctive relief are moot, and he lacks standing to seek declaratory relief. On the court's own motion, and out of an abundance of caution, Plaintiff shall have 30 days to file an amended Complaint that states a plausible claim for relief against Defendants in their individual capacities.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for injunctive and declaratory relief are dismissed as moot.

2. Plaintiff's claims for damages against Defendants in their official capacities are dismissed as barred by sovereign immunity.

3. Plaintiff shall have until **July 10, 2019**, to file an amended complaint that states a plausible claim for relief against Defendants in their individual capacities. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint**.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

6. The clerk of the court is directed to set a pro se case management deadline using the following text: **July 10, 2019**: check for amended complaint.

Dated this 10th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge