IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RAYSEAN BARBER, | |
|---|---|
| Plaintiff, | 8:18CV410 |
| vs. | |
| SCOTT FRAKES, TAGGART BOYD, TED HILL, MIKI HOLLISTER, KRISTINA MILBURN, NATE SHWAB, DR. MARK LUKIN, DR. MEGAN FORD, BETTY GERGEN, JACQUE GOODING, AMY REZNEY, and ROBIN CHURCH, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on Plaintiff's Motion to Alter or Amend Judgment (filing no. 17) and Motion for Relief from Order Dismissing Complaint (filing no. 20). Plaintiff filed his motions pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), respectively.[1] Plaintiff seeks relief from the court's July 23, 2019 Memorandum and Order and Judgment (filing nos. 15 & 16) dismissing this matter without prejudice after Plaintiff failed to file an amended complaint in accordance with the court's June 10, 2019 Memorandum and Order on initial review (filing no. 14).

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Plaintiff's motions were timely filed on August 6 and August 14, 2019.

to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, Plaintiff asserts that he never received the court's June 10, 2019 Memorandum and Order directing him to file an amended complaint and included a sworn affidavit to that effect. (Filing No. 18.) Plaintiff has also filed a supplemental exhibit to his Rule 60(b) motion consisting of a copy of the Step Two Grievance Response from the Nebraska Department of Correctional Services' Director's Designee dated September 9, 2019, which further indicates he did not receive the June 10, 2019 Memorandum and Order. (Filing No. 22.)[2] Upon consideration of Plaintiff's motions and the materials submitted in support,

---

[2] After submitting the supplement to his Rule 60(b) motion, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 15(d) seeking permission to file the supplement. (Filing No. 23.) As the court has considered the supplement and finds it relevant to Plaintiff's allegations in his motion for relief from judgment, the court will grant his motion to enter the supplemental pleading.

2

IT IS ORDERED that:

1. Plaintiff's Motion to Alter or Amend Judgment (filing no. 17), Motion for Relief from Order Dismissing Complaint (filing no. 20), and Motion to Enter Supplemental Pleading (filing no. 23) are granted.

2. The court's Memorandum and Order (filing no. 15) and Judgment (filing no. 16) dated July 23, 2019, are vacated.

3. The clerk of the court is directed to reinstate this case on the court's pro se docket.

4. Plaintiff shall have until **March 12, 2020**, to file an amended complaint in accordance with the court's June 10, 2019 Memorandum and Order (filing no. 14). Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

5. The clerk of the court is directed to send to Plaintiff a copy of the court's June 10, 2019 Memorandum and Order (filing no. 14) along with a copy of this order.

6. The clerk of the court is directed to set a pro se case management deadline using the following text: **March 12, 2020**: check for amended complaint.

Dated this 11th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge